CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2007

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLINTON BRINSON, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07cv00103 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, WARDEN | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner Clinton Brinson, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Brinson claims that his counsel provided ineffective assistance in failing to raise the affirmative defense of withdrawal to his charge of conspiracy to possess with intent to distribute crack cocaine. Upon review of the petition, the court concludes that Brinson has failed to demonstrate entitlement to relief under § 2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

## I.

Brinson was convicted in the United States District Court for the Eastern District of North Carolina after he plead guilty, by way of written plea agreement, to conspiracy to possess with intent to distribute crack cocaine. The court sentenced Brinson to 270 months imprisonment followed by a period of supervised release. Brinson now alleges that his counsel was ineffective in failing to raise affirmative defense of withdrawal to his charge of conspiracy. Brinson claims that his arrest and subsequent incarceration amounted to an affirmative act sufficient to constitute a withdrawal from the conspiracy with which he was charged.

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate

vehicle for challenging a conviction or the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective"for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Brinson's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Clearly there has been no change in the law making it now legal to conspire to posses with the intent to distribute crack cocaine. Accordingly, the court finds that Brinson fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and his claims cannot be addressed under § 2241.

### III.

As the court may not consider Brinson's claims under § 2241, the court will construe his petition as a § 2255 motion. Section 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977) To file a second such motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion,

---

[1] See U.S. v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

2

the district court has no jurisdiction to consider the merits of his §2255 claims.

This court could transfer Brinson's § 2255 motion to the Eastern District of North Carolina, where he was sentenced. However, Brinson's § 2255 motion is clearly successive, as he admits that the district court denied his previous § 2255 petition in his instant petition. Brinson does not allege that he received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. This court cannot find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, this court declines to transfer Brinson's motion.

### IV.

For the reasons stated herein, the court dismisses Brinson's petition without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This 15th day of March, 2007.

_____
United States District Judge